constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count."

[1, 2] The fact that defendants are charged with similar violations of the law is not a basis in and of itself for a joint trial. United States v. Reynolds, 489 F.2d 4 (6th Cir. 1973); United States v. Grasso, supra, 55 F.R.D. at p. 291. Joinder is proper only when the conduct upon which each of the counts is based is part of a factually related transaction or series of acts in which all of the defendants participated. United States v. Leach, 429 F.2d 956 (8th Cir. 1970); Metheany v. United States, 365 F.2d 90 (9th Cir. 1966). The movant is charged in Count VI with the unlawful distribution of heroin in Conshohocken on July 18, 1974. The first four counts in the indictment allege unlawful drug transactions occurring on different days and involving various other defendants. There is no factual connection on the face of the indictment between Count VI and the other counts of the indictment. (See footnote 1.) The phrase "same series of acts or transactions constituting an offense or offenses" contemplates more than similar violations within a limited time period.

[3] In addition to the lack of sufficient factual connection between the alleged violations, the Court's conclusion is based on the strong likelihood of confusion of evidence in a joint trial of similar but unrelated crimes. Proof of each violation will necessarily be different and not so easily compartmentalized by the jury. The presence of a conspiracy count (in which the movant is not named) and the applicability of rules of evidence unique to a charge of conspiracy will further complicate the jury's task of separating the evidence as to each defendant.

The Court concludes that joinder of the defendants in a single indictment was improper and, accordingly, the motion for severance will be granted.

In re REPUBLIC NATIONAL-REALTY
EQUITIES SECURITIES
LITIGATION.

No. 174.

Judicial Panel on Multidistrict Litigation.

Aug. 22, 1974.

The Judicial Panel on Multidistrict Litigation transferred actions, brought by the Securities and Exchange Commission and by private parties against insurance company, corporation in which the company had substantial interest and others, to the Southern District of New York where actions involved common questions of fact, several common parties, transfer would serve convenience of the parties and witnesses, transfer would eliminate the possibility of conflicting class action determinations and other pretrial rulings, majority of parties favored the Southern District of New York, 13 of the 18 actions, including the Securities and Exchange Commission action were already proceeding expeditiously in that district, and transfer would promote the just and efficient conduct of the litigation.

Order accordingly.

Weinfeld, Judge of the Panel, filed a separate opinion, dissenting in part.

Murrah and Becker, Judges of the Panel, did not partcipate.

1. Courts ⚖277.2

Securities and Exchange Commission enforcement actions, which were instituted against insurance company, seven of its officials, its auditor, corporation in which the insurance company had substantial interest, its auditor and two other individuals and which alleged that defendants defrauded investors by concealing fact that the corporation was in dire financial condition, and 17 private actions, which were filed in three different districts and which involved same and additional defendants, involved

common questions of fact justifying transfer to one district. 28 U.S.C.A. § 1407.

**2. Federal Civil Procedure ⚖=9**

Judge, to whom several actions from different districts are transferred for consolidation, has the broad discretion to design a pretrial program which will allow discovery on any unique issues to proceed concurrently with discovery on the common issues. 28 U.S.C.A. § 1407.

**3. Courts ⚖=277.2**

Where class of plaintiffs designated in one action falls within the boundaries of class requests in other actions on the same factual issues, it is necessary to have all class action questions resolved by a single judge in order to eliminate the possibility of conflicting class determinations and to achieve the most expeditious methods of organizing the class or classes and any necessary subclasses. 28 U.S.C.A. § 1407; Fed.Rules Civ.Proc. rule 23, 28 U.S.C.A.

**4. Courts ⚖=277.2**

Degree of coordination between action by Securities and Exchange Commission and private actions involving the same and additional defendants, relating to the same factual issues, and which were transferred to the same judicial district, was a matter to be determined by the transferee judge. 28 U.S.C.A. § 1407.

**5. Courts ⚖=277.2**

Where 13 of 18 actions involved in multidistrict litigation were already pending in the Southern District of New York and were proceeding expeditiously and where an important defendant's operations were conducted in that district, the Southern District of New York was the most appropriate transferee forum even though the major corporate defendant had its home office in the Northern District of Texas where several of the other actions were initiated. 28 U.S.C.A. § 1407; Fed.Rules Civ.Proc. rule 45(d)(2), 28 U.S.C.A.

---

\* Judges MURRAH and BECKER were unable to attend the hearing and, therefore, took no

OPINION AND ORDER

Before ALFRED P. MURRAH*, Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER*, JOSEPH S. LORD, III, and STANLEY A. WEIGEL, Judges of the Panel.

PER CURIAM

I. *Background of Litigation*

In March of 1974 the Securities and Exchange Commission filed an enforcement action in the Southern District of New York against Republic National Life Insurance Company, seven of its officials, and its auditor, Peat, Marwick, Mitchell & Co.; Realty Equities Corporation of New York, two of its officials, and its auditor, Westheimer, Fine, Berger & Co., and two other individuals. The SEC alleges that defendants violated the federal securities laws by participating in a massive scheme to defraud the investing public by concealing the fact that Realty, in which Republic had a huge investment, was in dire financial condition. It is further alleged that, as a result of this scheme, Republic was able to perpetuate the materially false appearance that its holdings in Realty were valuable assets and was also able to report as income millions of dollars in funds that Republic had pumped into Realty or Realty-controlled companies for the specific purpose of enabling Realty, in turn, to pay interest on the debts it owed Republic.

Defendants Realty and two of its officers have recently entered into a consent decree with the SEC. Realty neither admitted nor denied the allegations in the complaint and agreed to take certain measures to avoid future securities laws violations. The action is still pending against the remaining defendants.

In addition to the *SEC* action, seventeen private actions concerning the Republic-Realty financial relationship have been filed in three different districts: twelve in the Southern District of New

part in the consideration or decision of this matter.

IN RE REPUBLIC NATIONAL-REALTY EQUITIES SECURITIES LIT. 1405
Cite as 382 F.Supp. 1403 (1974)

York, four in the Northern District of Texas and one in the Middle District of Tennessee. Taken as a whole, they involve the same as well as additional defendants. Plaintiffs in many of the actions purport to represent similar classes of Republic or Realty securities holders.

[1] As a result of a motion by Peat, Marwick, Mitchell & Co., a motion by Republic and a show cause order issued by the Panel, all actions, including the SEC action, are now before the Panel for consideration pursuant to 28 U.S.C. § 1407.[1] Except for the SEC, plaintiffs in the Synercon and Garrett actions and defendants Standard & Poor's Corporation and A. M. Best Company, all parties favor transfer to a single district for coordinated or consolidated pretrial proceedings. The parties disagree, however, on whether the Southern District of New York or the Northern District of Texas is the most appropriate transferee forum. We find that these actions involve common questions of fact and that transfer of all actions under Section 1407 to the Southern District of New York will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

II. *The Question of Transfer*

Most of the parties recognize the need for transfer of all actions to a single district under Section 1407 in order to avoid duplication of common discovery concerning numerous complex questions of fact underlying the Republic-Realty financial relationship. Furthermore, transfer will eliminate the possibility of conflicting Rule 23 class determinations and other pretrial rulings. The following parties, however, have objected to any transfer:

A. *Plaintiffs in the Synercon and Garrett Actions*

Synercon Corporation, the sole plaintiff in the action pending in the Middle District of Tennessee, is seeking rescission of the merger between its wholly-owned subsidiary Forrest Life Insurance Company and Republic or, in the alternative, compensatory and punitive damages.

The *Garrett* action is pending in the Northern District of Texas and involves the merger of Mercantile Security Life Insurance Company into Republic. An order has been entered in that action allowing it to proceed as a class action on behalf of all persons who acquired Republic stock by virtue of having been Mercantile stockholders.

Both the *Synercon* and *Garrett* plaintiffs concede that their actions share questions of fact common to all other actions in this litigation. Nevertheless, they argue that their actions should not be transferred because the discovery on these common issues can be easily obtained from the records of the SEC investigation. They also argue that their actions involve discovery of many factual issues unrelated to the other actions and that that discovery would be delayed by transfer. In addition, plaintiffs in *Garrett* contend that progress in their action would be unfairly delayed pending discovery on the issue of class maintainability in the other actions.

[2, 3] We are not convinced that the records of the SEC investigation will provide the sole source of discovery on the common issues between the *Synercon* and *Garrett* actions and the rest of the litigation and, accordingly, we find that inclusion of these actions in the coordinated or consolidated pretrial proceedings will promote the just and efficient conduct and expedite the termination of the entire litigation. Nor do we accept the proposition that progress on the discovery of the asserted non-common issues will be impeded by transfer. The transferee judge has the broad discretion to design a pretrial program which will allow discovery on any unique issues to proceed concurrently with discovery

---

1. Republic's motion before the Panel is to transfer all actions to the Northern District of Texas for pretrial and trial proceedings. The Panel's authority pursuant to 28 U.S.C. § 1407, however, is limited to transferring actions for coordinated or consolidated pretrial proceedings only.

on the common issues. Moreover, the class of plaintiffs previously designated in the *Garrett* action falls within the boundaries of class requests in some of the other actions in this litigation and, therefore, it is necessary to have all class action questions resolved by a single judge in order to eliminate the possibility of conflicting class determinations and achieve the most expeditious method of organizing the class or classes and any necessary subclasses.

**B.** *SEC*

[4] Although the *SEC* action shares common factual issues with the other actions in this litigation, the SEC maintains that its action is entitled to separate treatment from a public policy viewpoint.[2] Since the *SEC* action is already pending in the transferee district, however, the degree of coordination between that action and the private actions is a matter to be determined by the transferee judge.

**C.** *Defendants Standard & Poor's and A. M. Best*

Standard & Poor's, a publisher of financial information, and A. M. Best, a publisher of information for the insurance industry, are defendants in only Count VII of the *Herman* action pending in the Southern District of New York. They are not named as defendants in any other action in this litigation and, as a result, they request that, in the event the *Herman* action is transferred, Count VII be separated from the rest of the litigation pursuant to 28 U.S.C. § 1407(a) and remanded to New York for further proceedings. In light of our selection of the Southern District of New York as the appropriate transferee forum for this litigation, the request of defendants is moot. Whether these defendants are entitled to separate treatment is now within the sole discretion of the transferee judge.

**III.** *The Transferee District*

Certain parties favor the Northern District of Texas as the transferee forum on the ground that Republic is the major corporate defendant in this litigation, that its home office is located in the Northern District of Texas and that, as a result, the key documents and witnesses are located there. They also point out that Republic has been placed under the supervision of the Texas Commissioner of Insurance and that coordination between the Commissioner and the transferee court will be necessary and most easily accomplished if the Northern District of Texas is designated as the transferee district.

[5] Although the arguments in favor of the Texas forum have merit, on balance, we are persuaded that the Southern District of New York is the most appropriate transferee forum. Thirteen of the eighteen actions involved in this litigation, including the *SEC* action, are already pending before the Honorable Milton Pollack in the Southern District of New York and are proceeding expeditiously under his supervision. While it is true that Republic's operations in Texas will be a major source of discovery, the allegations of misconduct in these actions indicate that Realty's operations in New York will be an equally important source of discovery. The transferee judge, of course, has considerable flexibility to tailor the pretrial proceedings to avoid unnecessary inconvenience to Republic and its witnesses. *See, e. g.,* Manual for Complex Litigation, Part I, Section 2.50 (rev. ed. 1973); Fed.R.Civ.P. 45(d)(2). Moreover, we are confident that, if necessary, the transferee judge will be able to coordinate discovery efforts with the Texas Insurance Commissioner to the advantage of all parties concerned.

It is therefore ordered that all actions listed on the attached Schedule A pending in districts other than the Southern District of New York be, and the same

---

2. For a discussion of the Panel's views concerning transfer of civil actions brought by the Securities and Exchange Commission, see In re National Student Marketing Litigation, 368 F.Supp. 1311 (Jud.Pan.Mult.Lit. 1973).

## IN RE REPUBLIC NATIONAL-REALTY EQUITIES SECURITIES LIT. 1407
Cite as 382 F.Supp. 1403 (1974)

hereby are, transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Milton Pollack for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407 with the actions already pending in that district and listed on Schedule A.

### SCHEDULE A

**Southern District of New York**

| | |
|---|---|
| Securities & Exchange Commission v. Republic National Life Insurance Co., et al. | Civil Action No. 74 Civ. 1097 (MP) |
| Norman Miller v. Republic National Life Insurance Co., et al. | Civil Action No. 74 Civ. 1115 (MP) |
| George Katz v. Realty Equities Corporation of New York, et al. | Civil Action No. 74 Civ. 1137 (MP) |
| Sy C. Sussman, et ano. v. Republic National Life Insurance Co., et al. | Civil Action No. 74 Civ. 1225 (MP) |
| Kenneth I. Herman, etc. v. Republic National Life Insurance Co., et al. | Civil Action No. 74 Civ. 1248 (MP) |
| Stanley Ferber v. Theodore P. Beasley, et al. | Civil Action No. 74 Civ. 1294 (MP) |
| Maxwell T. Cohen, et al. v. Realty Equities Corporation of New York, et al. | Civil Action No. 74 Civ. 1192 (MP) |
| Kenneth Rubenstein v. Republic National Life Insurance Co., et al. | Civil Action No. 74 Civ. 1255 (MP) |
| Mildred Freeman & Robert Freeman v. Republic National Life Ins. Co., et al. | Civil Action No. 74 Civ. 1668 |

**Southern District of New York**

| | |
|---|---|
| Samuel Tisser v. Morris Karp, et al. | Civil Action No. 74 Civ. 1622 (MP) |
| Bernard Chesner v. Morris Karp, et al. | Civil Action No. 74 Civ. 1846 |
| Newton Gottlieb v. Realty Equities Corp. of New York | Civil Action No. 74 Civ. 1875 |
| Harry Asarian v. Morris Karp, et al. | Civil Action No. 74 Civ. 1942 |

**Middle District of Tennessee**

| | |
|---|---|
| Synercon Corp. v. Republic National Life Ins. Co., et al. | Civil Action No. 74-189-NA-CV |

**Northern District of Texas**

| | |
|---|---|
| Joseph L. Massie, etc. v. Republic National Life Insurance Co., et al. | Civil Action No. CA3-74-116-D |
| Norman P. Miller v. Republic National Life Insurance Co., et al. | Civil Action No. CA3-74-207-B |
| William C. Garrett, etc. v. Republic National Life Insurance Co., et al. | Civil Action No. CA3-74-206-C |
| Lola Flamm v. Theodore P. Beasley | Civil Action No. CA3-74-357-C |

WEINFELD, Judge (dissenting in part):

I would not coordinate or consolidate the *SEC* action with the other actions for the reasons set forth in my dissent in In re National Student Marketing Litigation, 368 F.Supp. 1311, 1319-20 (Jud.Pan.Mult.Lit.1973).

